Paule EBRAHIMI, Plaintiff–Appellant,

v.

CITY OF HUNTSVILLE BOARD OF EDUCATION, Martha Miller, Ann Fee, Randy Bounds, James Dawson, individually and in their official capacities as members of the City of Huntsville Board of Education, et al., Defendants–Appellees.

No. 96–6079.

United States Court of Appeals, Eleventh Circuit.

May 9, 1997.

Ann C. Robertson, Rebecca J. Anthony, Laura M. Hitt, Gordon Silberman Wiggins & Childs, Birmingham, AL, for Plaintiff–Appellant.

J.R. Brooks, Donna S. Pate, Lanier Ford Shaver & Payne, Huntsville, AL, Frederick L. Fohrell, Walter A. Kelley, Wilmer & Shepard, Huntsville, AL, Mark S. Boardman,

Edward M. Weed, J. Wesley Hughes, Boardman & Tyra, PC, Birmingham, AL, for Defendants–Appellees.

Before DUBINA and BLACK, Circuit Judges, and EISELE *, Senior District Judge.

PER CURIAM:

By this appeal, Paule Ebrahimi seeks to challenge the partial dismissal of her civil rights action. The complaint filed by Ebrahimi alleged that the Huntsville City Board of Education (the Board); the Board members; the Superintendent and Assistant Superintendent of the Huntsville City Schools; the Director and President of the Huntsville Education Association (HEA); and various teachers at the McDonnell Elementary School unlawfully discriminated against her when they removed her from the position of principal at McDonnell Elementary School. The district court dismissed causes of action brought by Ebrahimi under 42 U.S.C. § 1981 (Section 1981) and 42 U.S.C. § 1985 (Section 1985), but retained the discrimination claims she had asserted under Title VII, Title IX, and 42 U.S.C. § 1983 (Section 1983). The district court then certified its decision as a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b), allowing Ebrahimi to file the instant appeal. We dismiss the appeal for lack of jurisdiction because the district court abused its discretion when it issued the Rule 54(b) certification.

## I. BACKGROUND

On May 25, 1995, Appellant Paule Ebrahimi instituted this civil rights action by filing a prototypical "shotgun complaint." The complaint offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants associated with the McDonnell Elementary School. According to Ebrahimi, defendants' discriminatory campaign against her culminated in an involuntary transfer from her position as principal of the school to a less desirable appointment as curriculum technologist. The complaint advanced claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; Section 1983; Section 1985; and Alabama state law. Ebrahimi subsequently amended her complaint to add a cause of action under Section 1981 and to add certain defendants to her Section 1985 claim.

On July 24, 1995, the defendants filed motions to dismiss. The district court ruled upon the motions in an order issued on October 24, 1995. First, the court dismissed the Title VII, Title IX, and Section 1981 claims asserted against the individually-named defendants, both in their individual and official capacities. Second, with regard to the equal protection claim asserted under Section 1983, the district court dismissed the individually-named defendants in their official capacities. Third, the order dismissed the Section 1983 due process claim because the complaint itself established that Ebrahimi had received notice and an opportunity to respond prior to the transfer. Fourth, the district court dismissed the state law claim for outrage. The district court denied the motion to dismiss the Section 1985 claim, however, finding that Ebrahimi had adequately alleged a conspiracy motivated by racial animus.

On November 6, 1995, Appellant Ebrahimi filed a motion for reconsideration. The motion urged the district court to reinstate the Section 1981 claim against the individually-named defendants. In an order dated November 22, 1995, the district court not only rejected Ebrahimi's request to reinstate the Section 1981 claim, but also ruled that the claim would be dismissed as to all defendants, not merely the individually-named defendants.

In a motion dated November 21, 1995, defendants Rex Cheatham and Patsy Parker, the Director and President of the HEA, also

---

* Honorable Garnett T. Eisele, Senior U.S. District Judge for the Eastern District of Arkansas, sitting by designation.

prevailed upon the district court to alter one of its earlier rulings. Specifically, Parker and Cheatham requested that the court reconsider whether the Section 1985(3) conspiracy claim should be dismissed. On December 11, 1995, the Board and its members also requested reconsideration of the district court's denial of their motion to dismiss the Section 1985 conspiracy claim. On December 21, 1995, the district court granted these motions for reconsideration and dismissed the Section 1985 claim as to all defendants. Pursuant to Federal Rule of Civil Procedure 54(b), the district court then certified its prior dismissals as a partial final judgment. On January 17, 1996, Ebrahimi filed a timely notice of appeal directed to dismissal of her Section 1981 and Section 1985 claims.

## II. *DISCUSSION*

Appellant Ebrahimi's complaint is typical of the sort of shotgun notice pleading we have encountered in scores of cases brought before this Court. *See, e.g., Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 946, 136 L.Ed.2d 834 (1997); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir.1995); *Pelletier v. Zweifel*, 921 F.2d 1465, 1517–18 (11th Cir.), *cert. denied*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). In such cases, it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings of the sort filed by Ebrahimi would impede the orderly, efficient, and economic disposition of disputes. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n. 6 (11th Cir. 1996) (discussing the inherent authority of the district court to narrow issues in a case); *Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir.1988) (noting that district courts may invoke their inherent power to narrow the issues for trial). Experience teaches that when district courts abdicate this responsibility, "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District*

*Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 367 (11th Cir.1996). Without commenting on the substance of its decisions, we therefore commend the district court in the present case for recognizing and skillfully discharging its duties in this regard.

 The present case, however, requires us to decide whether the decisions made by the district court in its efforts to impose some order on Ebrahimi's unwieldy complaint were properly certified as a partial final judgment under Rule 54(b). Although neither party raised the issue in its brief, we consider the propriety of Rule 54(b) certification sua sponte because such certifications implicate the scope of our appellate jurisdiction. *See Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1336 (4th Cir.1993). Federal courts have an independent obligation to police the constitutional and statutory limits on our jurisdiction. *Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 199 (7th Cir.1983). That obligation is not diminished in the slightest by the parties' apparent acquiescence in the district court's determination that Rule 54(b) certification was appropriate.

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the [district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Rule provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir.1992).

As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980). The question requires the district

court to balance judicial administrative interests and relevant equitable concerns. *Id.* at 8, 100 S.Ct. at 1465. Consideration of the former factor is necessary to ensure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956). The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay. *Southeast Banking Corp. v. Bassett,* 69 F.3d 1539, 1547 n. 2 (11th Cir. 1995); *Burlington Northern R.R. v. Bair,* 754 F.2d 799, 800 (8th Cir.1985); *see Vann v. Citicorp Sav. of Ill.,* 891 F.2d 1507, 1509–10 (11th Cir.1990).

▉ As these factors will often suggest contrary conclusions, Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981) (Kennedy, J.). Recognizing that such circumstances will be encountered only rarely, we have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively. *Southeast Banking,* 69 F.3d at 1550.

▉ A district court's Rule 54(b) certification is not conclusive on us. *Southeast Banking,* 69 F.3d at 1546; *Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1369 (11th Cir.), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983). To the contrary, courts of appeals must review such determinations to ensure that they fit within the scope of the rule. *Southeast Banking,* 69 F.3d at 1546. Consequently, although the decision to certify is committed to the sound judicial discretion of the district court, we review the conclusion that there is "no just reason for delay" in the interest of sound judicial administration. *Curtiss–Wright,* 446 U.S. at 10, 100 S.Ct. at 1466; *Southeast Banking,* 69 F.3d at 1550. We will not disturb the district court's assessment unless it

was clearly unreasonable. *Curtiss–Wright,* 446 U.S. at 10, 100 S.Ct. at 1466. This deferential standard reflects a recognition that "the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case." *Id.* at 12, 100 S.Ct. at 1467.

▉ Deference to the district court's determination, however, depends upon our ability to discern the reasoning that motivated the Rule 54(b) certification. Accordingly, when a district court's consideration of the relevant factors persuades it that Rule 54(b) certification is appropriate, the court should support that conclusion by clearly and cogently articulating its reasoning, together with the supporting factual and legal determinations. *Southeast Banking,* 69 F.3d at 1546; *see also Explosives Supply Co. v. Columbia Nitrogen Corp.,* 691 F.2d 486, 486 (11th Cir.1982); *Morrison–Knudsen Co.,* 655 F.2d at 965. The expression of clear and cogent findings of fact is crucial because it not only facilitates appellate review of a Rule 54(b) certification, but also assists the district court itself in analyzing the interrelatedness of the claims and the equities of the situation. *Southeast Banking,* 69 F.3d at 1546; *Braswell Shipyards,* 2 F.3d at 1336. Although we have never required district courts to explicate their reasoning in every case, when a district court does not explain itself, any deference we might otherwise accord the 54(b) certification decision will be nullified. *Southeast Banking,* 69 F.3d at 1546; *Braswell Shipyards,* 2 F.3d at 1336; *Knafel v. Pepsi Cola Bottlers of Akron, Inc.,* 850 F.2d 1155, 1159 (6th Cir.1988).

▉▉ We do not suggest, however, that the absence of an adequate explanation will always be fatal to a Rule 54(b) certification. If the reasons for the entry of the judgment are obvious and remand to the district court would result only in unnecessary delay in the appeal process, we will not require an explanation. *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 630 (2d Cir.1991). By contrast, when a sound basis for the certification is not obvious and the district court merely repeats the language of the Rule or frames its certification in conclusory terms,

we have little choice but to dismiss the appeal for lack of a final judgment. *Id.* A district court's bare statement that there is no just reason for delay does not suffice to establish that the nature of the case warrants a departure from the general rule, which provides that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. *See Hogan*, 961 F.2d at 1025. Were it otherwise, our deference to the district court determination would rapidly degenerate into unquestioning acceptance of their certification decisions.

In the present case, the district court declared its intention to certify a partial final judgment under Rule 54(b) after concluding that "no useful purpose can be served by postponing final disposition of claims which should not have been pursued." Memorandum of Decision (dated Dec. 21, 1995) at 11. By separate order, the district court then entered the Rule 54(b) certification along with a recitation that there was "no just reason for delaying entry of final judgment." Partial Final Judgment Pursuant to Fed. R.Civ.P. 54(b) (dated Dec. 21, 1995) at 1. At no time, however, did the district court offer a supporting rationale for its conclusion that Rule 54(b) certification was appropriate. Accordingly, we cannot defer to the district court determination and must assess whether any obvious reasons support entry of the Rule 54(b) certification.

The federal concept of sound judicial administration and efficiency will not normally be furthered by "hav[ing] piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." *Harriscom Svenska AB*, 947 F.2d at 631. This is particularly true given that the caseload of the federal courts of appeals has grown faster than that of any other component of the federal judiciary. *Southeast Banking*, 69 F.3d at 1548. Affording Rule 54(b) a liberal construction would only exacerbate the difficulties associated with our burgeoning caseload by promoting multiple appeals in a single case. *Minority Police Officers Ass'n*, 721 F.2d at 200.

With specific reference to the present case, we fail to perceive how allowing immediate appeal would promote the interests of judicial administration. We consider it infinitely more likely that allowing the present partial appeal would require a greater overall expenditure of judicial resources. As an initial matter, we note that the same operative facts serve as the basis for each legal theory advanced by Ebrahimi. Each claim is ultimately premised upon Ebrahimi's contention that the responsible parties pursued the adverse employment action against her because of their "racist, sexist, stereotypical views of how a Black female should behave." In instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b). *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 580 (1st Cir.1994). The present case illustrates the wisdom of this principle because if we were to decide this appeal, we undoubtedly would be required to relearn the same set of facts if and when the case returned to us on appeal from the district court's final judgment relative to the Title VII, Title IX, and Section 1983 claims.

In addition, the similarity of the relief sought in the dismissed and retained claims suggests that the interests of judicial administration would not be served by allowing immediate appeal. The relief sought in the Section 1981 and 1985 claims is intertwined with and inseparable from the relief sought for the Title VII, Title IX, and Section 1983 claims because the latter claims, if successful, will foreclose at least some, if not all, of the relief sought under Section 1981 and 1985. As a result, we cannot conclude that the interests of judicial administration provide an obvious justification for Rule 54(b) certification.

We consider it possible that the district court certified the instant appeal under Rule 54(b) because of its view that "no useful purpose can be served by postponing final disposition of claims which should not have been pursued." We disagree. Particularly

in view of the unfortunate trend toward "shotgun complaints," district courts may often conclude that certain claims should not have been brought. But if Rule 54(b) certification required no more than that, every motion to dismiss or motion for summary judgment that succeeded in dismissing part of a complaint might spawn a piecemeal appeal. The already overcrowded dockets of the courts of appeals would quickly become overwhelmed. Consequently, we find limitation of piecemeal appeals to be an essential purpose served by postponing final disposition, even when the dismissed claims should not have been filed in the first place.

 Alternately, the district court may have believed that the interests of judicial administration would be served by securing appellate review of the dismissed claims prior to trial. The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims. Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment. *Hogan,* 961 F.2d at 1026. Where accelerated appellate review of a controlling question of law is the motivating factor in deciding to enter judgment under Rule 54(b), an interlocutory appeal pursuant to 28 U.S.C. § 1292 represents the more appropriate course. *Braswell,* 2 F.3d at 1336 n. 4; *Morrison–Knudsen Co.,* 655 F.2d at 966.[1]

Finally, we consider whether equitable considerations justify the district court's decision to grant Rule 54(b) certification. Although the district court stated there was no just reason to delay, it gave no indication that the case was an exceptional one or that there would be any unusual hardship in requiring either Ebrahimi or any of the parties she sued to await the disposition of the entire case before obtaining appellate review. The parties advance no reason why we should depart from the federally preferred practice

of postponing appeal until after a final judgment has been entered. Nor does our independent review of the record disclose any equitable considerations that might support the district court's decision to permit immediate appeal under Rule 54(b). Moreover, any equitable considerations supporting the propriety of Rule 54(b) certification would not appear sufficient to overcome the associated injury to the interests of judicial administration.

### III. *CONCLUSION*

For the reasons stated in this opinion, the instant appeal is DISMISSED for lack of jurisdiction.

DISMISSED and REMANDED.

---

1. Section 1292(b) provides that controlling questions of law can be certified for immediate appeal, but the mechanism permits the Court of Appeals to protect its docket by determining for itself whether to accept the issue for review. This discretion in the Court of Appeals should not be evaded by the device of an inappropriate entry of judgment by the district court under Rule 54(b).