Sheila R. DOUGLAS, Plaintiff–Appellant,

v.

E.G. BALDWIN & ASSOCIATES, INC., Defendant–Appellee.

No. 97–3588.

United States Court of Appeals, Sixth Circuit.

Submitted June 12, 1998.

Decided Aug. 4, 1998.

to recognize that because Baldwin did not fall within the statutory definition of "employer" under the Family and Medical Leave Act, federal question jurisdiction over the case did not exist. Therefore, we dismiss the case for lack of subject matter jurisdiction.[1]

Robert W. Bryce (briefed), Teresa Dewey Bacho (briefed), McCrory & Clark, Toledo, Ohio, Schlageter, Breier & Bryce, Oregon, Ohio, for Plaintiff–Appellant.

Robert J. Valerian (briefed), Steven M. Moss (briefed), Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for Defendant–Appellee.

Before: NELSON and RYAN Circuit Judges; ROSEN, District Judge.[*]

ROSEN, District Judge.

## I. *INTRODUCTION*

Plaintiff Sheila R. Douglas ("Douglas") initiated this action against her employer, Defendant E.G. Baldwin and Associates ("Baldwin"), claiming she was not offered an equivalent position when she returned from her maternity leave, in violation of the Family and Medical Leave Act. Although Baldwin did not employ the requisite number of employees to fall with the ambit of the Act itself, the District Court ruled that Baldwin had, through its conduct and representations, modified its at-will employment relationship with Plaintiff by effectively adopting the terms of the Act and the corresponding obligations, thereby exposing Baldwin to potential liability for breach of contract. Although not raised by the parties, the threshold question raised by this appeal is whether federal question jurisdiction exists where an employer who does not employ a sufficient number of employees to come within the ambit of the Family and Medical Leave Act has nevertheless explicitly adopted its policies as its own. For the following reasons, we find that it does not, and that the District Court erred by failing

## II. *FACTS*

Defendant E.G. Baldwin & Associates, Inc. is an Ohio corporation which sells and services medical diagnostic imaging equipment and supplies. Baldwin's corporate headquarters are located in Cleveland, Ohio, and it has several division offices, including one in Holland, Ohio. On August 3, 1992, Plaintiff Sheila R. Douglas began working at Baldwin's Holland office as a sales secretary. At the time the events giving rise to this action occurred, Baldwin employed 29 people in its Holland office.

When Baldwin hired Mrs. Douglas, she was given an Employee Handbook that set forth personnel policy statements and outlined performance requirements. After Congress enacted the Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. §§ 2601 *et. seq.*, Baldwin formally adopted the provisions of the FMLA by adding a new policy to its Employee Handbook, effective January 1.1994. The policy stated:

> Employees who have worked for the Company for at least twelve (12) months and at least 1,250 hours during the prior twelve (12) months may take up to twelve (12) weeks of unpaid Family and Medical Leave (hereinafter "leave"). * * *

Baldwin also developed forms which had to be completed upon the exercise of the employee's leave rights, and specifically referenced the FMLA. Unlike the FMLA, which applies only to worksites with minimum of 50 employees, the policy expressed in the Handbook did not restrict the availability of family and medical leave based on the size of the division offices.

On December 19, 1994, Mrs. Douglas, having by this time been promoted to the posi-

---

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The parties waived oral argument, and, therefore, the Court decides this matter on the briefs.

tion of image processing coordinator, requested a leave of absence from work due to her impending child birth. Upon Douglas' return from leave, Defendant Baldwin informed her that the image processing coordinator position had been eliminated pursuant to a corporate restructuring, and offered her three alternative positions: sales secretary, receptionist, and customer service representative. Plaintiff claimed that none of these positions were "equivalent" to the position she held at the commencement of her leave, as required by the Act.[2]

## III. *DISTRICT COURT'S DECISION*

The District Court determined that although Defendant did not technically come within the statutory ambit of the Act, Defendant had voluntarily agreed to abide by the terms of the Act in its employment contract with Plaintiff. Neither of the parties disputed or raised this ruling on appeal.

The District Court also ruled that Defendant satisfied its contractual obligation to Plaintiff by complying with the terms of the Act. Specifically, the District Court ruled that the position of secretary, offered to Mrs. Douglas at the end of her leave, was equivalent to the position of image processing coordinator which Plaintiff held at the commencement of her leave. Thus, because Defendant offered Plaintiff a position equivalent to the position she held before her leave, it satisfied the requirements of the FMLA.

## IV. *ANALYSIS*

■ "Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) (overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991)). The primacy of jurisdiction is evident, for without it courts have no power. Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence. To a great extent, the legitimacy of the judiciary as a co-equal branch of government in our tripartite system of governance relies upon the ability of courts to resist the temptation of exerting their authority beyond their constitutionally defined role and usurping the power of the other branches, for "there is no liberty if the power of judging be not separated from the legislative and executive powers." The Federalist Papers, No. 78 (Alexander Hamilton) (*citing* Montesquieu, *Spirit of Laws*, Vol. I., p. 181).

■ Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). *See also, O'Melveny & Myers v. FDIC*, 512 U.S. 79, 90, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994) (Stevens, concurring). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673 (cites omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdic-

---

2. Upon completion of the leave, the employee has the right "(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an *equivalent position* with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1) (emphasis added); 29 C.F.R. § 825.214(a). The regulations define as "equivalent position" as:

   one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities which must entail substantially equivalent skill, effort, responsibility, and authority.

29 C.F.R. § 825.215(a). "The employee is ordinarily entitled to return to the same shift or the same or an equivalent work schedule." 29 C.F.R. § 825.215(e)(2). These provisions do not extend to "de minimus or intangible, unmeasurable aspects of the job." 29 C.F.R. § 825.215(f).

   Baldwin's Employee Family and Medical Leave of Absence Policy specifically incorporated the above standard by providing that: "Employees who return to work from leave of absence within or on the business day following the expiration of the twelve (12) weeks are entitled to return to their job or an equivalent position without loss of benefits or pay." (J.A. 112).

tion to hear a case, even where the parties concede or do not raise or address the issue. *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Delaware v. VanArsdall,* 475 U.S. 673, 692, 106 S.Ct. 1431, 89 L.Ed.2d 674(1986) (Stevens, dissenting) (*citing Mansfield C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Quite aside from whether the parties raise jurisdictional issues themselves—or even attempt to consent or agree to federal jurisdiction—federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction. *Ebrahimi v. City of Huntsville Board of Education,* 114 F.3d 162, 165 (11th Cir.1997) ("Federal courts have an independent obligation to police the constitutional and statutory limits on our jurisdiction.") (*citing Minority Police Officers Ass'n v. City of South Bend,* 721 F.2d 197, 199 (7th Cir.1983)).

■ In making this threshold determination, we begin by examining the underpinnings of federal court jurisdiction. The jurisdiction of federal courts originates in Article III, Section 1 of the United States Constitution, which states that, "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Congress has defined the province of federal judicial authority in two basic jurisdictional statutes: (1) 28 U.S.C.A. § 1331, which confers jurisdiction upon federal courts over civil actions "arising under the Constitution, laws, or treatises of the United States;" and, (2) 28 U.S.C.A. § 1332, which confers jurisdiction upon federal courts in civil actions involving citizens of different states, also known as "diversity jurisdiction." [3] These statutes, taken together, comprise the federal courts' subject matter jurisdiction: that is, what cases federal courts are able to hear and decide.

■ In this case, removal was based on § 1331 because Plaintiff's discrimination claim purportedly arose under the Family and Medical Leave Act of 1993, 29 U.S.C.A. §§ 2601, et seq.[4] As noted, the District Court retained jurisdiction over the case even after determining that Defendant Baldwin did not employ 50 or more employees, such that it could be considered an "employer" within the purview of the Act.[5] The jurisdictional issue presented by these circumstances is whether a federal court has subject matter jurisdiction *ab initio* where a company does not meet the statutory definition of "employer" because it does not employ the requisite number of employees, even though the employer may have adopted the policies of the Act and the parties do not contest jurisdiction. We hold that it does not.

While the existence of this jurisdictional prerequisite may not be immediately apparent from the text of the statute itself, an examination of relevant case law reveals that courts have consistently held that where a company does not employ the requisite statutory number of employees to be considered an "employer" under the relevant act, federal subject matter jurisdiction does not exist. *See, Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1981) (central issue in case was

---

**3.** Section 1332 states in pertinent part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,-000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

**4.** Diversity jurisdiction under 28 U.S.C.A. § 1332 did not exist because both Sheila Douglas and E.G. Baldwin Associates, Inc. were residents of Ohio.

**5.** The FMLA defines "employer" to include "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;...." 29 U.S.C. § 2611(4).

whether the plaintiff's case was barred by Title VII's jurisdictional requirement of fifteen employees). *See, also, Rogers v. Sugar Tree Products, Inc.,* 7 F.3d 577, 579 (7th Cir.1993) (for federal subject matter jurisdiction to exist under the ADEA, the defendant must meet the definition of employer as set forth in the statute); *Womble v. Bhangu,* 864 F.2d 1212, 1213 (5th Cir.1989) (court remanded case for determination of whether company met statutory definition of "employer" under Title VII, because if it did not the court lacked subject matter jurisdiction); *Childs v. Electrical Workers, et al.,* 719 F.2d 1379 (9th Cir.1983) (district court lacked subject matter jurisdiction over the defendant union because the union did not have a sufficient number of employees to meet the statutory definition of "employer"); *Astarita v. Urgo Butts & Co.,* 1997 WL 317028, *2 (S.D.N.Y.) ("Federal subject-matter jurisdiction over claims of employment discrimination in violation of Title VII exists as to a given defendant only if that defendant meets the statutory definition of an "employer.""); *EEOC v. Sen–Pop, Inc.,* 1994 WL 162611 (N.D.Ill.1994) ("under Title VII, the requirement that a defendant employer employ at least fifteen employees ... is commonly considered a jurisdictional requirement.").

This proposition was addressed most recently by our Court in *Mickler v. Nimishillen and Tuscarawas Railway Co.,* 13 F.3d 184 (6th Cir.1993), in which we were faced with the question of whether federal question jurisdiction existed when a company did not meet the statutory definition of "employer" under the Federal Employers' Liability Act. The Court stated: "This Court has no jurisdiction over plaintiff's estoppel claim. The sole basis for federal jurisdiction in this case is FELA. Because defendant is not a common carrier and FELA does not apply, there is no federal question." *Mickler,* 13 F.3d at 189.

In this case, the FMLA specifies that the Act shall only apply to companies that employ 50 or more employees. Consequently, Congress specifically defined the coverage of the Act to exclude coverage for "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C.A. § 2611(2)(B)(ii). In this case, although Baldwin employed far more than 50 employees nationwide, it only employed 29 employees at or within 75 miles of the Holland office at the time the events giving rise to this suit took place. Therefore, the plain language of the FMLA excludes Baldwin's Holland office from coverage under the Act.

■ Whatever the rationale behind this limitation, be it Congress' desire not to burden small businesses by requiring them to operate without employees for an extended period of time or their determination that the effect upon commerce from the small companies is *de minimis,* is not for us to question and, in any event, is immaterial to our jurisdictional determination. For a federal court to exercise subject matter jurisdiction in a statutory scheme such as the FMLA, the defendant-company must meet the statutory definition of "employer." *See, Mickler,* 13 F.3d at 189; *Armbruster,* 711 F.2d at 1335. If the Court were to exercise jurisdiction where the employer does not meet the statutory prerequisite, it would effectively be expanding the scope of the Act, and the scope of our limited jurisdiction as defined by Congress, by judicial decree. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. This we do not have the power to do. *Sublato fundamento cadet opus* (the foundation being removed, the superstructure falls): once the District Court determined that the asserted foundation for jurisdiction, here the FMLA, did not apply because Defendant only employed 29 employees, it should have dismissed the case in its entirety.

■ The fact that the parties contracted to incorporate the terms and responsibilities of the FMLA into their employment relationship does not bring them within the Act itself. Parties cannot create subject matter jurisdiction by contract where none exists, nor can they waive a court's lack of subject matter jurisdiction because, quite simply, subject matter jurisdiction cannot be created where none exists. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1228 (9th Cir.1989). There-

fore, the agreement between the parties that Baldwin would comply with the requirements of the FMLA does not bring the parties within the Act itself, because to do so would effectively enable them to contract around the Court's lack of subject matter jurisdiction. Although such an agreement may have enhanced the terms of the contractual relationship between the parties, it does not provide the federal courts with jurisdiction to hear cases under the Act.

## V.  CONCLUSION

The case is DISMISSED for lack of subject matter jurisdiction.