*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0012P (6th Cir.)
File Name: 00a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

LeRoy Caudill and Viera Caudill,

       *Plaintiffs-Appellees,*

       *v.*

North American Media Corporation, a Delaware Corporation, LifeSoft Corporation, a Delaware Corporation, and Peter J. Christiano,

       *Defendants-Appellants,*

Christopher J. Christiano, Manuel S. Yatooma, and Gary Eberhardt,

       *Defendants,*

Fidelity Bank,

       *Garnishee.*



No. 98-2131

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 95-75492—Lawrence P. Zatkoff, Chief District Judge.

Argued:  August 12, 1999

Decided and Filed:  January 10, 2000

Before:  KRUPANSKY and RYAN, Circuit Judges;
HULL, District Judge.

——————————————

**COUNSEL**

——————————————

**ARGUED:**   J. Mark Cooney, COLLINS, EINHORN, FARRELL & ULANOFF, Southfield, Michigan, for Appellants. Dennis E. Moffett, Madison Heights, Michigan, for Appellees. **ON BRIEF:** J. Mark Cooney, Noreen L. Slank, COLLINS, EINHORN, FARRELL & ULANOFF, Southfield, Michigan, for Appellants. Dennis E. Moffett, Madison Heights, Michigan, for Appellees.

——————————————

**OPINION**

——————————————

KRUPANSKY, Circuit Judge.    Appellants, North American Media Corporation, LifeSoft Corporation, and Peter Christiano, challenge denial of Defendants' motion for Judgment Not Withstanding the Verdict pursuant to Fed. R. Civ. P. 50 and/or a Motion for a New Trial pursuant to Fed. R. Civ. P. 59 subsequent to a jury award of damages against them in a diversity action that charged wrongful cancellation of stock.  Appellants also challenge the district court subject matter jurisdiction.

Defendant-Appellant LifeSoft Corporation ("LifeSoft") is a successor corporation to Co-Defendant-Appellant North

*The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

however, in conflict with the Third and Eighth Circuits' interpretation of the Supreme Court dispositions wherein those courts dictate that, "The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" *In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 274 (3rd Cir. 1999) (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995)).  This court elects to adopt the Third and Eighth Circuits' interpretation of *Kokkonen*. Accordingly, absent compliance with the Supreme Court's mandate in *Kokkonen* and subsequent interpretations of that decision, the trial court was without jurisdiction to entertain this case and its decision is **vacated**, *See State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 99 (3rd Cir. 1996), and this appeal is **dismissed**.

It is so ordered.

neither by a separate provision "retaining jurisdiction" over the settlement agreement, nor by "incorporating" the terms of the settlement agreement in the order. *See Kokkonen*, 511 U.S. at 381. Had the district court done so, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381, and the  "enforcement of the settlement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 383. The Court commented that

> the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement.  The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.  That, however, was not the case here.  The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Kokkonen*, 511 U.S. at 380-81.

The trial court distinguished *Kokkonen* from the case here on appeal noting that the *Kokkonen* dismissal did "not so much as refer to the settlement agreement," *Kokkonen*, 511 U.S. at 377, while the dismissal order in The 1991 Derivative Action specifically stated that "Pursuant to the terms of the parties' Oct. 1, 1991 settlement agreement, the Court hereby dismisses this case" which language satisfied the Supreme Court dictates of *Kokkonen* and supported the trial courts' ancillary jurisdiction.   The trial court's distinction is,

American Media Corporation ("North American Media"). Defendant-Appellant Peter Christiano, along with Defendant Christopher Christiano and Defendant Manuel Yatooma, were officers and directors of North American Media.  Plaintiff-Appellee LeRoy Caudill is a former President of North American Media.   During his term as North American Media's president, LeRoy and his wife Viera Caudill jointly acquired 1,400,000 shares of North American Media stock. Prior to the instant case, on July 15, 1991, Peter Christiano, Christopher Christiano and Manuel Yatooma commenced a derivative shareholders action on behalf of themselves and North American Media in the United States District Court for the Eastern District of Michigan against LeRoy Caudill, North American Media, and other defendants, charging federal wire and securities fraud, federal civil RICO violations, together with state law charges of, misrepresentation, conspiracy to defraud, and breach of fiduciary duty in violation of Michigan's Blue Sky Law (The 1991 Derivative Action). On May 5, 1992, The 1991 Derivative Action was settled and dismissed "pursuant to the terms of the parties' … settlement agreement."[1]

On September 18, 1995, LeRoy and Viera Caudill filed the instant action in the United States District Court for the Eastern District of Michigan against Defendant-Appellant North American Media, Defendant-Appellant  Peter Christiano, Defendant Christopher Christiano, Defendant Manuel Yatooma, Defendant-Appellant LifeSoft Corporation, and Defendant Gary Eberhardt, the President of LifeSoft, alleging that North American Media wrongfully canceled the

---

[1]The district court dismissal order read in full:

In the presence of and with the assistance of counsel, the parties placed a settlement agreement on the record before the Hon. Bernard Friedman on October 1, 1991.  Pursuant to the terms of the parties' October 1, 1991 settlement agreement, the Court hereby DISMISSES this case.
IT IS SO ORDERED.

Caudills' shares in North American Media, in violation of the agreement settling The 1991 Derivative Action. The Caudills sought declaratory relief, damages, and an order to reissue the stock to them.

The complaint invoked federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, while alleging that all of the plaintiffs and all of the defendants were Michigan residents and that the LifeSoft had its primary place of business in Michigan.

On February 9, 1998, prior to trial, Defendant Yatooma filed a motion to dismiss Caudill's complaint for lack of subject matter diversity jurisdiction. *See Safeco Ins. Co. of America v. City of Whitehouse*, 36 F.3d 540, 545 (6th Cir. 1994). On March 13, 1998, relying upon the precedent announced in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), wherein the Supreme Court defined the scope of ancillary jurisdiction granted to United States district courts, the trial court concluded that its jurisdiction over the instant controversy was ancillary to its jurisdiction in The 1991 Derivative Action, denied the defendants' motion to dismiss the complaint and proceeded to conduct a jury trial on the merits of the issues joined by the pleadings in Caudills' action.

Subsequent to trial, on May 15, 1998, a jury awarded the Caudills $832,275 from North American Media, $832,275 from LifeSoft, and $335,450 from Peter Christiano. No damages were awarded against Christopher Christiano or Manuel Yatooma who are not parties to this appeal. Defendants North American, LifeSoft, and Peter Christiano filed a timely notice of appeal, challenging, *inter alia*, the subject matter jurisdiction of the district court.

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case…." *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 607 (6th Cir. 1998). This forum reviews a

district court's subject matter jurisdiction *de novo*. *Hilliard v. United States Postal Serv.*, 814 F.2d 325, 326 (6th Cir. 1989). Article III, Section 1 of the United States Constitution prescribes that "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Pursuant to 28 U.S.C. § 1332 Congress extended the federal judicial authority granted pursuant to 28 U.S.C. § 1331 to civil actions involving citizens of different states. Section 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party. *See Safeco Ins. Co. of America v. City of Whitehouse*, 36 F.3d 540, 545 (6th Cir. 1994); and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). The complaint here on appeal, facially reflects a lack of complete diversity between the adversaries.

Ancillary jurisdiction as defined by the Supreme Court in *Kokkonen* was designed (1) to permit a court to dispose of factually independent claims and/or (2) to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-80 (1994). The trial court in the instant case misconceived that ancillary jurisdiction derived from its earlier jurisdiction in The 1991 Derivative Action. The facts underlying the derivative shareholders action upon which the trial judge relied for ancillary jurisdiction are, upon examination, unrelated to Caudill's claim for wrongful cancellation of stock which was predicated upon facts and circumstances that occurred subsequent to and independent of the wire and securities fraud which supported the shareholders derivative litigation.

As in *Kokkonen*, the jurisdiction "asked for here is quite removed from what courts require to perform their functions." *See Kokkonen*, 511 U.S. at 380. In *Kokkonen* the parties obligation to comply with the terms of the settlement agreement was not "made part" of the order of dismissal,