**Lisa O. WILLIAMS, Plaintiff–Appellant,**

v.

**SHERMETA, CHIMKO & KILPATRICK, Defendant–Appellee.**

No. 01–2650.

United States Court of Appeals, Sixth Circuit.

June 12, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.*

Lisa O. Williams, a Michigan litigant proceeding pro se, appeals a district court order dismissing her civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

of Ohio, sitting by designation.

The factual basis for Williams's pro se complaint is unclear. The defendant, the law firm of Shermeta, Chimko & Kilpatrick ("SCK") is only mentioned in the caption of the complaint. There are no alleged claims against SCK. The pleadings instead discuss an alleged dispute with Ford Motor Company regarding the purchase of a car. Williams has already sued SCK in state court. She failed to appear and summary disposition was entered in favor of SCK.

The defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. Williams responded. The district court found federal jurisdiction lacking and dismissed the complaint. This timely appeal followed.

This court's review of a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) is two-fold: we review the trial court's resolution of factual disputes for clear error, and its application of the law to the facts de novo. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986).

Upon review, we conclude that the district court properly found that it lacked subject matter jurisdiction. Even if Williams's claims are broadly construed, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Williams has failed to establish federal jurisdiction. *See Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir.1998). There is no constitutional or federal statutory question raised in the pleadings. *See* 28 U.S.C. § 1331. There is no diversity of parties, as both Williams and the defendant are residents of Michigan. *See* 28 U.S.C. § 1332.

Furthermore, under the *Rooker–Feldman* doctrine, federal district courts do not have subject matter jurisdiction over claims seeking review of final state-court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). To the extent that Williams is attempting to challenge the decisions of Michigan's state courts, her claims are barred by the *Rooker–Feldman* doctrine.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.