File Name: 05a0184n.06
Filed: March 15, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 03-2135**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| HENRY H. WEST, SR., | ) |
| | ) ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| v. | ) |
| | ) |
| ADECCO EMPLOYMENT AGENCY, | ) |
| | ) |
| Defendant-Appellee. | ) |

---

BEFORE: NORRIS and DAUGHTREY, Circuit Judges, and OLIVER, District Judge.[*]

PER CURIAM: *Pro se* Plaintiff Henry H. West, Sr. ("West" or "Appellant") appeals from a district court order dismissing his complaint without prejudice for failing to specify the basis for the district court's subject matter jurisdiction. For the reasons stated below, we reverse and remand.

**I. FACTS**

West filed a *pro se* complaint in the Eastern District of Michigan against his former employer, Adecco Employment Agency ("AEA" or "Appellee"), alleging: (1) intentional discrimination; (2) age and race discrimination; (3) retaliation; (4) unfair employment practice; and (5) job discrimination. West attached a copy of a "Notice of Right to Sue" letter he received from

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

the Equal Employment Opportunity Commission ("EEOC") to his complaint. The complaint did not specify whether the causes of action he alleged were state or federal law claims, and did not explicitly state any basis for the district court's subject matter jurisdiction.

District Judge Paul V. Gadola ordered West to show cause why his case should not be dismissed for lack of subject matter jurisdiction, and instructed West to specify the basis of the court's subject matter jurisdiction. Unsatisfied by the response, Judge Gadola dismissed the case for lack of subject matter jurisdiction. West filed the instant appeal.

## II. LAW AND ANALYSIS

### A. Standard of Review

District courts have power to dismiss cases *sua sponte* for lack of subject matter jurisdiction. *E.g., Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). A district court's legal determination in dismissing a complaint for lack of subject matter jurisdiction is reviewed *de novo*. *E.g., Michigan Ass'n of Indep. Clinical Labs v. Shalala*, 52 F.3d 1340, 1346 (6th Cir. 1994).

### B. Pro Se Complaints

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines. *E.g., Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991); *Eglinton v. Loyer*, 340 F.3d 331, 335 (6th Cir. 2003). Likewise, courts have also refused to grant special or preferential treatment to *pro se* parties in responding to summary judgment motions. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). However, the courts have utilized a less stringent standard in construing the pleadings of a *pro se* litigant. This approach is consistent with Fed. R. Civ. P. 8(f), which provides that "[a]ll pleadings shall be so construed as to do substantial justice."

This court has stated:

> the allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted. Estelle v. Gamble, 429 U.S. 97, 106, 50 L. Ed. 2d 251 , 97 S. Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652 , 92 S. Ct. 594 (1972). The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication.

*Jourdan,* 951 F.2d at 110 (6th Cir. 1991). In the instant case, West attached a copy of his EEOC right-to-sue letter to his complaint. The letter references a right to file a "lawsuit under Title VII or the ADA" in federal or state court. While West did not specify a federal or state law in his written complaint, the EEOC right-to-sue letter is sufficient to indicate that at the very least, West intended to sue under Title VII and/or the ADA, which are federal employment laws over which the district courts have federal question jurisdiction. Under the less stringent pleading rules for *pro se* litigants, the court finds that West's complaint sufficiently states the grounds for subject matter jurisdiction of the district court.

Accordingly, we REVERSE the decision of the district court and REMAND this case back to that court to reinstate the case upon its docket, for the reasons discussed above.