Edward ANTOINE, et al.,
Plaintiffs–Appellees,

v.

ATLAS TURNER, INC., Defendant–
Appellant,

Royal Insurance Company of Canada; Canadian General Insurance Company; and Federal Insurance Company, Defendants.

No. 94–3355.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 7, 1995.

Decided Sept. 20, 1995.

Before KENNEDY, WELLFORD, and SILER, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs in four asbestos personal injury cases [1] obtained default judgments against defendant Atlas Turner, Inc. ("Atlas"), a subsidiary of Societe National de L'Amiante, a Crown Corporation of Canada. When plaintiffs sought to enforce the judgments, Atlas filed a motion pursuant to Rules 55(c) and 60(b)(4) of the Federal Rules of Civil Procedure for relief from the judgments. The District Court denied Atlas' motion. Atlas now appeals, arguing that it did not receive proper service of the default judgments under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and did not receive proper service of the application for default under Rule 55(b)(2). Atlas further argues that it was denied due process through the entry of the default judgments and that the District Court erred in holding there was personal jurisdiction over Atlas. For the following reasons, we affirm in part and reverse in part.

**I.**

Between 1981 and 1984, the underlying cases were filed against Atlas and several other defendants in the Northern District of Ohio pursuant to that court's Ohio Asbestos Litigation ("OAL") plan. On June 5, 1985, Atlas' attorney, James Conroy, filed a Notice of Withdrawal as attorney for Atlas with the District Court and served all counsel of record. Conroy's withdrawal was caused by a coverage dispute that developed between Atlas and Chubb & Son, which had retained Conroy on behalf of Atlas. The underlying cases were settled with most of the defendants at OAL settlement conferences and the court closed the cases in September, 1985. Atlas did not participate in these settlement negotiations.

On October 24, 1985, plaintiffs sought entry of default against Atlas. In support of their application for entry of default, plaintiffs filed an affidavit given by plaintiffs' counsel Charles Cloninger. The affidavit

Desa A. Ballard, Ness, Motley, Loadholt, Richardson & Poole, L. Joel Chastain (briefed), Barnwell, SC, Steven M. Weiss (briefed), Weiss, Kwait & Associates, Cleveland, OH, and Timothy E. Eble (argued), Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, for plaintiff–appellee.

Terrance P. Gravens (argued and briefed), Coin, Gravens & Franey, Cleveland, OH, for defendant–appellant.

1. For convenience, we will refer to these original four cases filed in 1981, 1982 and 1984 as the "underlying cases." Our jurisdiction is based on diversity and Ohio law is controlling.

stated that Conroy had formerly represented Atlas, that Conroy had filed a notice of withdrawal as counsel for Atlas, that Atlas would not be represented by other counsel and had indicated it would no longer defend the underlying cases, and that since June 5, 1985, Atlas had not in fact defended itself in the underlying cases.

On October 25, 1985, plaintiffs served Conroy with an application for entry of default judgment and notice that a hearing on the motion would be conducted telephonically on October 31, 1985. On October 31, Atlas failed to make an appearance. The court reopened the underlying cases and granted default judgments based on Cloninger's affidavits.

No proceedings to enforce the judgments were taken until December 14, 1990 when plaintiff filed an action to enforce the judgments.[2] In March 1991, Atlas filed a motion for relief from the judgments and the motion was referred to a magistrate judge. The magistrate judge recommended granting Atlas' motion on the grounds that Atlas had not been properly served with the application for default judgment. The District Court rejected this recommendation, denied Atlas' motion, and granted enforcement of the judgments.

## II.

■ We review a district court's decision denying a motion to set aside a default judgment for abuse of discretion. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir.1983). "If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *United States v. Indoor Cultivation Equipment*, 55 F.3d 1311, 1317 (7th Cir.1995). A judgment is void under 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *In re Edwards*, 962 F.2d 641, 644 (7th Cir.1992) (citation omitted).

## III.

Atlas contends that the District Court erred in denying its motion to set aside the default judgments because plaintiffs had served Conroy, its former counsel, rather than Atlas itself, with the application for default and the default judgments. The District Court held that Conroy still represented Atlas in the underlying actions because it was the court's policy for an attorney to obtain leave of court before withdrawing. Conroy had not obtained leave but rather had filed a notice of withdrawal and given notice to the other parties and the clerk. The court held that plaintiffs' service of the applications for default on Conroy constituted service of Atlas. We disagree.

■ The local rules for the Northern District of Ohio contain no provision with respect to the withdrawal of an attorney. Rule 83 of the Federal Rules of Civil Procedure authorizes each district court to adopt local rules but provides that the court must give "appropriate public notice and an opportunity to comment" and that copies of these rules shall be "made available to the public." FED.R.CIV.P. 83. "[T]he name given to local procedures is irrelevant. If the *purpose* of such local procedures, practices or policies is to control practice in a district court ... such procedures effectively are local rules and must be created in accordance with Rule 83." *Brown v. Crawford County*, 960 F.2d 1002, 1008 n. 8 (11th Cir.1992). The District Court's "policy" had not been promulgated as a local rule. In the absence of a local rule or at least some notice to counsel and the parties that more was required, Conroy's notice of withdrawal was sufficient to end his representation of Atlas in this matter. We note that the clerk's docket sheet indicated Conroy's withdrawal and that Atlas was unrepresented.

Atlas contends that because its counsel had withdrawn, the default judgments were void because they were not served on Atlas in

**2.** That action was dismissed on procedural grounds and plaintiff did not appeal the dismissal. Atlas and various insurers appealed. *See*

*Antoine v. Atlas Turner, Inc.*, Nos. 94–3402, 94–3356, & 94–3357 (6th Cir. Sept. 20, 1995).

accordance with FSIA section 1608(e).[3] This section provides:

> No judgment by default shall be entered by a court of the United States ... against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. *A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.* (emphasis added).

We must first determine whether Atlas, an instrumentality of a foreign state, was required to be served under § 1608(e). The Ninth Circuit has held that this section only requires service of default judgments against foreign states and their political subdivisions and not agencies or instrumentalities of foreign states. *See Straub v. AP Green, Inc.*, 38 F.3d 448, 454 (9th Cir.1994). In *Straub*, the court reasoned that, because 28 U.S.C. § 1603(a) says that "foreign state" includes agencies or instrumentalities of foreign states "except as used in section 1608," service of default judgments is not required when the judgment is against an agency or instrumentality of a foreign state. *Id.*

We disagree with this reading of § 1608(e) because "[w]e do not ... construe statutory phrases in isolation; we read statutes as a whole." *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984). The first sentence of § 1608(e) establishes the procedure for obtaining a default judgment against "a foreign state, a political subdivision thereof, *or an agency or instrumentality* of a foreign state." 28 U.S.C. § 1608(e). (emphasis added). The second sentence says that "*such* default judgment" shall be sent to "the foreign state or political subdivision." (Emphasis added). This requires that any judgment, including judgments against agencies and instrumentalities or political subdivisions, obtained through the procedure described in the first sentence should be sent to the foreign state.

We found no authority to aid our determination of whether a judgment is void or merely voidable when copies of the default judgments are not served in accordance with § 1608(e). We hold that such a default judgment is voidable rather than void because the requirement of service is a condition subsequent to the entry of the judgment. Failure to serve copies of a judgment does not change the propriety of entry of the judgment itself if it was otherwise properly entered. *Cf. Planet Corp. v. Sullivan*, 702 F.2d 123, 126 n. 2 (7th Cir.1983) (holding that default entered without Rule 55(b)(2) notice is voidable not void).

Whether or not the judgments here were voidable because Atlas was not served turns on whether Atlas had actual notice of them. In *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246 (6th Cir.), *cert. denied*, ── U.S. ──, 114 S.Ct. 72, 126 L.Ed.2d 41 (1993), we found that service was sufficient under the FSIA even though the complaint was not translated as required where all other requirements, including actual notice, were met. We stated that the purpose of the FSIA is "to ensure actual notice to foreign states of the fact and substance of pending litigation" and held that "[w]here a party has received such notice, despite technical omissions in the manner of service, the purpose of the Act if not its letter has been satisfied." *Id.* at 1250 (citation omitted). Thus, if Atlas did have actual notice, the judgments could not be vacated on § 1608(e) grounds. We must remand for further findings because the record does not show whether Atlas had actual notice.

Conroy admitted in his deposition that he had been served with the default judgments, but asserted the attorney-client privilege when asked if he had forwarded the judgments to Atlas. In Ohio, the attorney-client privilege protects "communication[s] made to [an attorney] by his client *in that relation* or his advice to his client...." OHIO REV.CODE ANN. § 2317.02(A) (Anderson Supp.1994) (emphasis added). Conroy was no longer acting as Atlas' attorney when the

---

**3.** The District Court, having erroneously concluded that Conroy still represented Atlas, found the FSIA service requirement to be satisfied.

motion for default judgment was filed, nor had he been acting with respect to the default judgments.

■ Moreover, no privilege attaches to the mere mailing, or failure to mail, of the motion to Atlas even if there is a continuing privilege with respect to the previous relationship. "[I]t is clear that when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." *Brinton v. Dep't of State*, 636 F.2d 600, 604 (C.A.D.C.1980), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981). Specifically, an attorney's message to his client concerning the date and time of court proceedings is not a privileged communication. *In re Grand Jury Subpoena*, 788 F.2d 1511, 1512 (11th Cir.1986) (citing *United States v. Clemons*, 676 F.2d 124, 125 (5th Cir. Unit B 1982)); *United States v. Hall*, 346 F.2d 875, 882 (2d Cir.) (conveying to client that client's presence was required at routine calendar call not in nature of confidential communication), *cert. denied*, 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965)). On remand, the District Court may consider testimony from Conroy as to whether the various motions and the judgments were forwarded to Atlas.

■ If Atlas did not have actual notice that the default judgments had been entered, the District Court must then decide whether the judgments should be set aside for that reason. *See Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 462 (2d Cir. 1994) (lack of notice under FSIA does not automatically mean a judgment should be reopened).

■ Atlas' right to notice before the judgments were entered exists independent of § 1608(e). FED.R.CIV.P. 55(b)(2) requires that when a party has appeared in an action, the party should be served with written notice of the application for judgment at least three days prior to the hearing on the application. The required notice does not have to be in any particular form. Rather, "[t]he major consideration is that the party is made

aware that a default judgment may be entered against him." 10 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2687 (1983); *Wilson v. Moore & Assoc.*, 564 F.2d 366, 369 (9th Cir.1977).

■ The record does not indicate whether Atlas had notice of the application for default. Conroy received the application for default, but asserted attorney-client privilege when asked if he had forwarded the document to anyone. He produced documents under seal which pertained to this question.[4]

As discussed earlier, the attorney-client privilege does not apply to Conroy's mere mailing of the application for default judgment. Again, we must remand to the District Court for further findings and a determination of whether Atlas received notice of entry of judgment and whether, even if Atlas had notice, good cause exists to set aside the default judgment and the default.

■ If the District Court determines that Atlas should be bound by the default judgment, this does not resolve issues relating to damages. In support of their motion for entry of default judgment, plaintiffs' counsel submitted affidavits setting out the amount of damages claimed by each plaintiff. At this stage of the litigation, however, these affidavits are not conclusive. "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir.1982) (en banc), *cert. denied*, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D.Mich.1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages."). Ordinarily, the District Court must hold "an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1049, 122 L.Ed.2d 357

---

4. Atlas filed a motion to preserve these documents under seal with the District Court. The court did not rule on this motion, nor did it rule on the question of whether or not these documents were privileged.

(1993). Therefore, even if Atlas is bound on the issue of liability, it still has the opportunity to respond to the issue of damages. Such a response includes possible offsets to which Atlas may be entitled by reason of plaintiffs' recoveries against, and settlements with, other parties. *Id.* at 160–61.

## IV.

 Finally, Atlas is not entitled to relief from judgment on any of the other grounds it asserts. Atlas first argues that it was deprived of due process because the affidavits used by the District Court in granting the judgments were given by plaintiffs' counsel rather than plaintiffs themselves, do not conclusively establish the origin of plaintiffs' illnesses, and overstate the amount of Atlas' liability. Atlas also contends that the affidavits do not constitute "evidence" under § 1608(e) of the FSIA, which requires a claimant to establish his right to a judgment by "evidence satisfactory to the court." Use of affidavits in granting default judgments does not violate either due process or the FSIA. We express no opinion on the adequacy of the affidavits.

Atlas next contends that the District Court lacked personal jurisdiction because Atlas did not have the requisite minimum contacts with the State of Ohio.[5] Under the FSIA the area relevant to a determination of minimum contacts is the entire United States, not merely the forum state. *Meadows v. Dominican Republic,* 817 F.2d 517, 523 (9th Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987). The District Court examined the record and concluded that Atlas had sufficient contacts with the United States to support personal jurisdiction. Atlas does not dispute this finding. We conclude that the District Court had jurisdiction.

## V.

Accordingly, the decision of the District Court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

---

5. It is not disputed that Atlas properly raised this issue in its initial answer.