94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Francisco H. GUZMAN, Plaintiff-Appellant,
v.
Kenneth A. MILEY; Deputy Regional Director, Drug
Enforcement Administration; James R. Bland, Regional
Director, Drug Enforcement Administration; John R. Bartels,
Jr., Administrator, Drug Enforcement Administration;
Griffin Bell, United States Attorney General; United States
Civil Service Commission, Defendants-Appellees.
 No. 95-6278.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Francisco H. Guzman, pro se, appeals a district court order dismissing his motion to vacate judgment filed pursuant to Fed.R.Civ.P. 60(b)(4). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Guzman worked as an agent for the Drug Enforcement Agency (DEA) from April 1966 to July 17, 1975. In 1973, Guzman was in charge of an investigation of Thomas R. Pitt, one of many defendants in a drug conspiracy case. Guzman became acquainted with Mr. Arnold Peebles, attorney for Pitt. In May 1974, Peebles loaned Guzman $10,000 in cash for his personal use. Guzman and Mr. Peebles also discussed a business venture to import jade necklaces, but this venture was not pursued. The financial relationship between Guzman and Mr. Peebles came to the attention of the United States Attorney in January 1975. On March 31, 1975, the DEA notified Guzman by letter that he would be removed from his position as a criminal investigator in order "to promote the efficiency of the service." The letter stated that the social, professional, and financial relationship with Mr. Arnold Peebles, including the loan, created the appearance of a conflict of interest. Guzman requested a pre-termination hearing, which was held May 14 and 15, 1975. On July 11, 1975, the DEA recommended that the dismissal be upheld. Guzman appealed the DEA decision to the Federal Employee Appeals Authority (FEAA) of the Civil Service Commission. After a hearing, the FEAA upheld the DEA decision, and the Appeals Review Board of the Civil Service Commission refused to reconsider the case. Guzman then filed suit on February 15, 1978, in the United States District Court for the Middle District of Tennessee. Both parties moved for summary judgment. After oral argument, the district court issued a memorandum opinion and order granting summary judgment for the defendants. In an order filed March 6, 1981, the Sixth Circuit affirmed the district court's decision. See Guzman v. Miley, No. 79-1634 (6th Cir. Mar. 6, 1981) (unpublished order).
 
 
 3
 On June 22, 1995, Guzman filed a "Motion to Set Aside a Void Judgment" pursuant to Fed.R.Civ.P. 60(b)(4). The district court denied the motion in a memorandum opinion and order entered August 30, 1995. Guzman's motion for leave to file a motion for reconsideration was denied in a marginal order entered September 11, 1995. This timely appeal followed.
 
 
 4
 Despite Guzman's assertions to the contrary, no grounds warranting Rule 60(b) relief exist. This court's review of Rule 60(b) rulings does not permit review of the merits of the underlying judgment. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). Further, this court reviews a district court's ruling pursuant to Rule 60(b)(4) for an abuse of discretion. Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995).
 
 
 5
 Rule 60(b)(4) provides for relief where the underlying judgment is void. "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir.1995) (quoting In re Edwards, 962 F.2d 641, 644 (7th Cir.1992)).
 
 
 6
 It appears from his disjointed and incoherent motion that the thrust of his complaint is that the DEA guidelines required an administrative law judge to conduct the hearings, that these regulations were changed to allow for a hearing before a hearing examiner, and that this change was made to undo and cover up the commencement of the unauthorized exercise of subject matter jurisdiction.
 
 
 7
 Subject matter jurisdiction refers to a court's or an administrative body's power to hear and determine cases. The DEA clearly had subject matter jurisdiction to conduct the hearings. See DEA Administrative Manual § 0674.1 (1974). The difference between a hearing examiner and an administrative law judge did not render the hearing accorded Guzman unfair. The district court addressed this matter in the 1979 memorandum opinion. Any defect in the proceedings before the DEA was procedural and not jurisdictional.
 
 
 8
 Guzman merely attempts to relitigate an issue fully considered by the district court and the Sixth Circuit. A Rule 60(b) motion must be denied if it is merely an attempt to relitigate previously decided issues. See Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967). Because Guzman sought only to relitigate an issue already decided, the district court acted within its considerable discretion by denying relief.
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.