*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0285P (6th Cir.)
File Name: 03a0285p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

In re: G.A.D.,
INCORPORATED,

               *Debtor.*

————————————————

DONNA EGLINTON,
        *Plaintiff-Appellant,*

      *v.*

HUGH LOYER and GEORGE
CHAPEL,

        *Defendants-Appellees.*

No. 01-2235

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-75251—Denise Page Hood, District Judge.

Argued: March 27, 2003

Decided and Filed: August 13, 2003

Before: MARTIN, Chief Circuit Judge; KENNEDY and
DAUGHTREY, Circuit Judges.

2    *In re G.A.D., Inc.*             No. 01-2235

———————————

## COUNSEL

**ARGUED:** Laurel A. Stuart-Fink, LAUREL STUART-FINK & ASSOCIATES, West Bloomfield, Michigan, for Appellant. Tony F. Di Ponio, CALHOUN, DI PONIO & GAGGOS, Lathrup Village, Michigan, for Appellee. **ON BRIEF:** Laurel A. Stuart-Fink, LAUREL STUART-FINK & ASSOCIATES, West Bloomfield, Michigan, for Appellant. Tony F. Di Ponio, CALHOUN, DI PONIO & GAGGOS, Lathrup Village, Michigan, for Appellee.

———————————

## OPINION

———————————

BOYCE F. MARTIN, JR., Chief Circuit Judge. Donna Eglinton appeals the district court's affirmance of a bankruptcy court decision to deny reconsideration of a motion to vacate. For reasons stated below, we AFFIRM.

In September 1996, Ronald Korte, Eglinton's boyfriend, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, which was converted later to a Chapter 7 bankruptcy. On May 7, 1997, while his bankruptcy was pending, Korte entered a lease agreement with defendants Loyer and Chapel for nonresidential property in White Lake, Michigan. The bankruptcy court approved the lease agreement on April 24, 1997. The lease agreement contained a clause stating Korte could not assign, transfer, or sublet without the written consent of Loyer and Chapel.

Despite the prohibition, on May 12, 1997, Korte purportedly assigned the lease agreement to G.A.D., Inc., a Michigan corporation Eglinton owns, without notice to creditors or permission to do so from the bankruptcy court or

landlords. We will refer to the transfer as an assignment, although its actual legal status is indeterminate.

When the landlords learned of the transaction in December of 1997, they entered into an agreement with the bankruptcy trustee that he would be the only entity who could possess the premises. Korte objected, but the bankruptcy court approved the agreement. The district court affirmed the bankruptcy court's order on appeal.

Meanwhile, G.A.D. filed a notice of *lis pendens* on the premises in Oakland County Circuit Court and a complaint against the landlords. This first lawsuit sought a declaration that the assignment was valid and enforceable, injunctive relief, and monetary damages. Loyer and Chapel removed from state court to Korte's bankruptcy case as an adversary proceeding. G.A.D. filed an objection to the notice of removal, but the bankruptcy court found removal was appropriate because the state court action was inextricably intertwined with the bankruptcy case and related, pursuant to 11 U.S.C. §157(c)(1). The bankruptcy court then granted Loyer and Chapel's motion to dismiss with prejudice.

On September 22, 1998, G.A.D. filed a petition for Chapter 11 bankruptcy. G.A.D. asserted a leasehold interest in the property. G.A.D's bankruptcy case was converted to a Chapter 7 proceeding, which vested the Chapter 7 trustee with any interest G.A.D. had in the leasehold.

On June 13, 1999, Eglinton filed a complaint in her name in Oakland County Circuit Court against Loyer and Chapel, making the same claims as the former suit, except the latter alleged fraud and misrepresentation, seeking monetary damages for relief. Loyer and Chapel filed motions to remove Eglinton's suit to the G.A.D. bankruptcy and to dismiss on July 28. Response from Eglinton was due fifteen days later. On August 16, Loyer and Chapel filed a certification of no response to the dismissal motion.

Eglinton responded to Loyer and Chapel's attorney on August 24 and 25 to the notice of removal and motion for dismissal, respectively, several days after the time for response expired. The bankruptcy court conducted a hearing on August 26. Eglinton, who appeared *pro se*, claims she did not have notice that the court would hear the motion to dismiss in addition to the notice of removal on that day. The bankruptcy court eventually dismissed Eglinton's claims with prejudice. Loyer and Chapel thereafter entered into an agreement with the trustee of the G.A.D. bankruptcy to purchase G.A.D.'s property. Eglinton subsequently returned to state court with the suit. The state circuit court dismissed her claims, and she appealed to the Michigan Court of Appeals. Eventually, the state trial court dismissed her claim on remand.

On July 24, 2000, almost a year after the hearing in bankruptcy court, Eglinton filed a motion to vacate the bankruptcy court order of dismissal, pursuant to Federal Rule of Civil Procedure 60(b). The bankruptcy court entered an order on September 8, 2000, denying Eglinton's motion to vacate. Eglinton filed a motion to reconsider, and the bankruptcy court denied the motion to reconsider. Eglinton appealed from this last order to the United States District Court for the Eastern District of Michigan, which denied her appeal and affirmed the order denying her motion to reconsider. She filed a timely notice of appeal from the district court's decision.

We review denial of a Rule 60(b) motion for abuse of discretion. *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957). The burden is on the movant to bring herself within the provisions of Rule 60(b). *Id.* We "find an abuse of discretion only if we have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Union Oil Co. of Cal. v. Serv. Oil Co.* 766 F.2d 224, 227 (6th Cir. 1985)(quoting *Taylor v. United States Parole Com'n.*, 734 F.2d 1152, 1155 (6th Cir.1984)). A

lower court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1985).

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party or party's representative from a final judgment, an order, or a proceeding under certain circumstances. The pertinent circumstances here are "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and circumstances where "the judgment is void," Fed. R. Civ. P. 60(b)(4).

Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that "[t]he motion shall be made within a reasonable time." We have held that "reasonable time" under 60(b) means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b)(1) during that period. *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir. 1983). Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment. Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir. 1991). Motions under subsections (4), (5), and (6) may be made within a "reasonable time," which we have determined is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The time for filing a notice of appeal from a judgment of the bankruptcy court to the district court is ten days from entry of the judgment under Bankruptcy Rule 8002.

Eglinton's first claim for relief is based on her assertion that her failure to file a motion to vacate or for reconsideration of the bankruptcy court's dismissal is a result of excusable neglect under Rule 60(b)(1). She argues that proceeding as a *pro se* plaintiff and pursuing the matter in state court are

reasons to excuse her from the requirement to file a timely notice of appeal from bankruptcy court to the district court and the requirement to file a timely motion under Rule 60(b). The Supreme Court has instructed courts to hold pleadings filed by *pro se* litigants to a less stringent standard than those filed by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

We hold that the district court did not abuse its discretion when it denied Eglinton's motion to reconsider based upon Rule 60(b)(1). The procedural law and deadlines are straightforward. Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rule of Civil Procedure 60 applies in cases under the Bankruptcy Code. Mirroring the federal rules, Local Rule 9024-1 of the Bankruptcy Court for the Eastern District of Michigan states:

**Motion to Alter or Amend Order or Judgment or for Rehearing or Reconsideration**
**(a) Time.** A motion to alter or amend an order or judgment and a motion for rehearing or reconsideration shall be served not later than 10 days after entry of such order or judgment.

Eglinton filed her motion almost a year after the bankruptcy court entered judgment. By failing to meet deadlines for a response to the motion to dismiss and to file a notice of appeal of the bankruptcy court's decisions, she did not comport with procedural rules.

Eglinton argues that she did not timely respond to the motion to dismiss because she was unaware that the notice of removal had no effect on the procedures required with respect to the dismissal motion, essentially assuming no response was necessary. The notice attached to the motion to dismiss, however, states in very plain language that she had fifteen

days to file a response or the court might decide she did not oppose the motion and rule against her. Though she was a *pro se* litigant, procedural rules were available to her as they are to all persons appearing before courts, and if unsure of the procedural requirements, she could have clarified them with the clerk's office.

Though Eglinton asserted in the September 2000 bankruptcy court hearing, as she does here, that Loyer and Chapel did not comply with local rules so that they are being held to a less stringent application of the rules than she, this allegation does not cure the defects in neglect of the deadlines. Voicing procedural grievances a year after the occurrence is inappropriate. Rather, the appropriate time to voice that complaint was at the first bankruptcy court hearing in 1999 or in motions properly filed then.

Eglinton's second claim for relief asserts that the bankruptcy court had no jurisdiction over the claims against Loyer and Chapel, rendering the court's judgment dismissing her claim void. Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, the underlying judgment is void, and it is *per se* an abuse of discretion to deny a movant's motion to vacate. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

Title 28, chapter 6, governs the jurisdiction and powers of bankruptcy courts. Under 28 U.S.C. § 157 (b)(1), bankruptcy judges may hear and determine core proceedings arising under the bankruptcy code and may enter orders and judgments in those proceedings. Core proceedings are defined in a non-exclusive list at section 157(b)(2). The significance of whether a proceeding is core or non-core is that the bankruptcy judge may hear non-core proceedings related to bankruptcy cases but cannot enter judgments and orders without consent of all parties to the proceeding. *See* § 157(c). Without consent from the parties, a district judge must make final determinations after considering the findings and conclusions of the bankruptcy judge and after conducting

de novo review of matters to which any party has timely objected. *Id*. Section 157(b)(3) provides that the bankruptcy judge shall determine if a proceeding is core or related either on any party's timely motion or on the judge's own motion. In making the ruling, the court looks at the form and the substance of the proceeding. *Sanders Confectionary Prods., Inc., v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992) (citing *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991). "A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Id.*

If the dispute over the lease was not a core proceeding, then the bankruptcy judge was without power to enter an order to dismiss, and the order would be void. Other circuits have determined, as quoted by the Eighth Circuit in *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1230 (1997), that a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was "so glaring as to constitute 'a total want of jurisdiction,' " (quoting *Kansas City S. Ry. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825, (8th Cir.)(en banc), *cert. denied*, 449 U.S. 955 (1980)), or "'no arguable basis' for jurisdiction existed," (quoting *Nemaizer v Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

Eglinton's jurisdictional argument claims that the lease assignment dispute was not a core proceeding in the Chapter 7 bankruptcy proceeding. Nevertheless, we conclude that she has not shown a total want of jurisdiction. In removing the suit filed by G.A.D. from state court to the Korte bankruptcy, the bankruptcy court found that resolving the dispute over the leasehold would require examining the purported assignment and deciding if the transfer was valid, as well as analyzing section 365 of the bankruptcy code governing executory contracts and unexpired leases. Though not expressly using the words "core proceeding," the bankruptcy court found that the controversy was inextricably intertwined with the bankruptcy case. In Eglinton's mirror-image suit, the very same leasehold is in dispute; thus, validity of the transfer will

again require the court to make a determination of the leasehold's status in the bankrupt estate of G.A.D. Additionally, determination of the fraud and misrepresentation issue Eglinton raises would, as the bankruptcy court found with respect to claims in the first suit, require determination of the validity of the assignment and the right to posses the premises. This goes to the heart of an estate asset.

Even if we were to decide that the dispute was not a core proceeding, procedural flaws would again defeat Eglinton's claims. A claimant has ten days in which to appeal a decision of the bankruptcy court to the district court. Eglinton chose instead to pursue her suit again in state court. "A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal." *Id.*

In pursuing virtually the same suit in state and federal court, by her corporation and by herself, and in doggedly seeking favorable judgment despite neglect of procedural mechanisms, Eglinton has not had just one bite at the apple but has nearly consumed the entire fruit. Such litigation tactics are disfavored, and we will not relieve her of the consequences of the failure to meet deadlines. The judgment of the district court is AFFIRMED.