**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 06a0330n.06

Filed: May 9, 2006

No. 05-5954

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| B&D PARTNERS, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JACK PASTIS and CHANTANA S. | ) | |
| WALKER, d/b/a/ Classic Restoration, | ) | |
| Inc., | ) | **O P I N I O N** |
| | ) | |
| **Defendants-Appellants.** | ) | |
| _____ | ) | |

Before: MOORE and GIBBONS, Circuit Judges; SHADUR,[*] District Judge.

**KAREN NELSON MOORE, Circuit Judge.** In the underlying suit, the district court

granted the summary judgment motion of Plaintiff-Appellee B&D Partners ("B&D") after

Defendants-Appellants Jack Pastis and Chantana S. Walker, d/b/a Classic Restoration, Inc., failed

to file a response. The defendants appeal the district court's subsequent denial of their motion for

relief from judgment under Federal Rule of Civil Procedure 60(b)(1). Because the neglect of the

defendants' attorneys was not excusable under Rule 60(b)(1), we **AFFIRM** the district court's

denial of the motion for relief from judgment.

---

[*]The Honorable Milton I. Shadur, United States District Judge for the Northern District of
Illinois, sitting by designation.

# I. BACKGROUND

After B&D initiated this suit under state law in a Tennessee court, the defendants removed the case to federal court on the basis of diversity of citizenship.[1] The defendants were represented by T.K. Moffett ("Moffett") and Russell Rice, Jr. ("Rice"). Moffett, a Mississippi attorney, had recruited Rice, a Tennessee attorney, to serve as local counsel in the lawsuit. Rice was the defendants' counsel of record.

On January 6, 2005, B&D moved for summary judgment. At the same time, and in support of the motion, B&D served each defendant with a request for admissions. The defendants' response was due on February 10, 2005. *See* W.D. TENN. CIV. R. 7.2(a)(2); Joint Appendix ("J.A.") at 154 (Dist. Ct. Order at 4). The defendants did not respond to either the motion or the requests for admissions. The district court thus deemed admitted the matters set forth in the requests for admissions and, on April 6, 2005, issued an order granting summary judgment to B&D. On April 26, 2005, the defendants moved for relief from the judgment pursuant to Rule 60(b)(1) on the basis of their attorneys' neglect. The district court denied the motion, and the defendants now appeal.

# II. ANALYSIS

We review the denial of a Rule 60(b)(1) motion for abuse of discretion. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). "A lower court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard." *Eglinton v. Loyer* (*In re G.A.D., Inc.*), 340 F.3d 331, 334 (6th Cir. 2003). "In reviewing an order denying Rule 60(b) relief, we have no occasion to review the underlying judgment . . . .

---

[1]The defendants are Mississippi citizens and B&D has Tennessee citizenship because each of its members is a Tennessee citizen. *See Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 544-45 (6th Cir. 1994) ("A partnership . . . has the citizenship of each of its members.").

2

Instead, we merely inquire as to whether one of the specified circumstances exists in which [the movant] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

Rule 60(b)(1) permits a district court, "upon such terms as are just," to "relieve a party or a party's legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." The defendants do not assert any neglect of their own; instead, their claim is premised on the neglect of their attorneys, Moffett and Rice. Unfortunately for the defendants, "'clients must be held accountable for the acts and omissions of their attorneys.'" *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 396 (1993)). Accordingly, the issue of excusable neglect "does not turn solely on whether the *client* has done all that he reasonably could to ensure compliance with a deadline; the performance of the client's *attorney* must also be taken into account." *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer*, 507 U.S. at 396).

"'[N]eglect' must be given its ordinary meaning, which . . . include[s] 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (quoting *Pioneer*, 507 U.S. at 388). It follows a fortiori that the failure to submit a filing at all constitutes neglect. Thus, Moffett and Rice were neglectful when they failed to respond to B&D's motion for summary judgment.

Of course, the operative question is whether the neglect is *excusable*. "The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) (internal quotation

3

marks omitted); *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 490-91 (6th Cir. 2000) (applying *Kendall*). That is precisely what occurred here, as Moffett and Rice neither filed a response to B&D's summary judgment motion nor asked the district court for an extension. *See* FED. R. CIV. P. 6(b)(1) ("[T]he court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . . ."); J.A. at 154 (Dist. Ct. Order at 4) ("[I]t would have been a simple matter to file a motion for an extension of time to respond if either Mr. Moffett or defendant Pastis were unavailable."). Moffett and Rice could have asked for an extension even *after* the February 10 deadline had passed (the district court did not issue its ruling for another two months), but they did not. *See* FED. R. CIV. P. 6(b)(2) ("[T]he court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."); J.A. at 154 (Dist. Ct. Order at 4) ("[T]here should have been ample time to seek permission from the Court to file a late response to the motion after counsel realized no response had been filed."). *Kendall* squarely controls this case.

The defendants do not acknowledge *Kendall* (and in fact cite no cases supporting their position) in asking that their attorneys' neglect be excused for three reasons. First, Moffett was periodically called away for duties arising out of his membership in the U.S. Army Reserve.[2] Second, the attorneys were unable to contact one of the defendants, Jack Pastis, because he was out

---

[2]The defendants do not specify the precise dates when Moffett was unavailable, but they do note that his military duty occupied twelve days per month. Yet the attorneys had much longer than twelve days to act: the response was due more than a month after B&D's filing of the motion, and the district court did not rule for another two months after that.

of his office for work-related reasons for some unspecified period of time.[3]  Third, Rice did not receive his copy of the summary judgment motion for about fifteen days, apparently because it was not labeled with the complete mailing address.[4]  These asserted excuses are unconvincing for the reasons stated in the footnotes.

It is obvious that the real source of the problems here was the two attorneys' failure to communicate. If Moffett and Rice had simply spoken to each other, it would have been immediately apparent that neither one was working on the response. "Gross carelessness . . . [is an] insufficient bas[i]s for 60(b)(1) relief . . . ." *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685 (6th Cir. 1999) (internal quotation marks omitted); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed. 1995) ("Gross carelessness is not enough.") (citing cases).  Put another way, "when inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence." 12 MOORE'S FEDERAL PRACTICE § 60.41[1][c][ii] (3d ed. 2005) (citing cases).  Failing to pick up a telephone to call one's co-counsel after a dispositive motion has

---

[3]The defendants claim that Pastis was out of the office "a majority of the time" and thus "he was often not readily available." Appellant Br. at 6.  Pastis's alleged unavailability might have hampered the attorneys if they had actually tried to prepare a timely response to the summary judgment motion, but they admit that they did not.  Thus, this circumstance is beside the point.

[4]This delay was Rice's own doing, as the incomplete address was one that Rice himself had provided on court documents.  Appellant Br. at 6.  In any event, when Rice eventually received his copy of B&D's motion, more than two weeks remained until the response was due.  Rather than use the remaining time to work on the response, Rice simply assumed that Moffett was handling it. Appellant Br. at 6-7; J.A. at 102 (Rule 60(b) Mot. at 1).  Rice offers no justification for making this erroneous assumption.

been filed epitomizes a lack of care and diligence.[5]  Thus, the district court did not abuse its discretion by denying the defendants' Rule 60(b) motion.

### III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's denial of the motion for relief from judgment.

---

[5]This is especially so in light of the fact that Moffett and Rice almost missed the deadline for removing the case to federal court.  Appellant Br. at 6.  One would expect the attorneys to have been *more* diligent after the near-miss, but they were *less* careful instead.