NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0131n.06

Case No. 23-1744

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 18, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA, | ) ) ) | |
| Petitioner-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| EDGAR MILLER, | ) ) | |
| Respondent-Appellant. | ) ) ) | OPINION |

Before: SUTTON, Chief Judge; SUHRHEINRICH and NALBANDIAN, Circuit Judges.

SUTTON, Chief Judge. An arbitrator ordered Edgar Miller to pay over $200,000 to his insurance company, Farmers Mutual. That ruling has withstood two separate appeals. *See Farmers Mut. Hail Ins. Co. of Iowa v. Miller*, No. 20-1978, 2021 WL 3044275 (6th Cir. July 20, 2021); *Miller v. U.S. Dep't of Agric.*, No. 22-1209, 2023 WL 21146 (6th Cir. Jan. 3, 2023). Today, Miller asks the federal courts to set aside the confirmation of that award, arguing that the district court lacked jurisdiction over it. The district court rejected Miller's argument, and so do we.

I.

The case arises from a dispute between Edgar Miller, a farmer, and his crop insurer, Farmers Mutual Hail Insurance Company of Iowa. After Farmers Mutual refused to pay Miller's coverage claim and sought reimbursement for prior overpayments, the parties submitted their

dispute to arbitration. 7 C.F.R. § 457.8(20)(a)(1); *Miller*, 2023 WL 21146, at *3. The arbitrator ruled for Farmers Mutual on both issues.

Eleven months later, Farmers Mutual applied to the Western District of Michigan to confirm the arbitration award. Miller filed a counterclaim, arguing that the parties' Common Crop Insurance Policy said that only the Federal Crop Insurance Corporation, not the arbitrator, could decide whether to allow reimbursements for overpayment. The district court agreed that the question "involve[d] a policy or procedure interpretation" that required the Insurance Corporation's input. *Farmers Mut. Hail Ins. Co. of Iowa v. Miller*, 366 F. Supp. 3d 974, 977 (W.D. Mich. 2018) (quoting R.17-1 at § 20(a)). But it rejected Miller's argument that it should vacate the award and restart the arbitration process. *Id.* at 979; *see* 9 U.S.C. § 10. The court instead conditionally nullified the award pending the Insurance Corporation's response to whether Farmers Mutual could demand reimbursements for overpayment. *Miller*, 366 F. Supp. 3d at 979.

After this conditional nullification, both parties requested a final agency determination from the Insurance Corporation. About a year later, the Insurance Corporation issued FAD-287, which said that insurance companies may recover past overpayments.

With this decision in hand, Farmers Mutual renewed its application to confirm the award in the district court. The district court confirmed the award, noting that both "the arbitrator" and "FAD-287 construed the policy" to allow reimbursement for overpayment. R.24 at 2. Miller appealed that decision, and we affirmed. *Miller*, 2021 WL 3044275, at *1. At the same time that the district court "conditionally nullified the arbitration award," we reasoned, it "reserve[d] the ability to affirm the arbitration award after the Insurance Corporation had spoken." *Id.* at *4.

Soon after, Miller filed another claim in the district court, this time arguing that the Insurance Corporation's decision to allow reimbursement for overpayments conflicted with a

federal regulation. The district court ruled against Miller, holding that the Insurance Corporation's decisions complied with the regulation. We affirmed again. *Miller*, 2023 WL 21146, at *5.

In this most recent action, Miller moved to set aside the district court's judgment, arguing that Farmers Mutual's confirmation application came too late and thus deprived the court of jurisdiction over the case. *See* 9 U.S.C. § 9. The district court rejected the argument.

## II.

Civil Rule 60(b) allows a court to "relieve a party" from judgment in a few rare cases. Fed. R. Civ. P. 60(b); *see Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). One "exceptional case" exists when "the court that rendered judgment lacked even an arguable basis for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quotation omitted); Fed. R. Civ. P. 60(b)(4). Under this narrow exception, we may vacate a judgment if the court ignored a "glaring" jurisdictional defect. *In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003) (quotation omitted).

Miller claims that he found such a defect. He says that Farmers Mutual's application to confirm the arbitration award came too late under § 9 of the Federal Arbitration Act. This contention prompts two questions. Did Farmers Mutual miss § 9's deadline? If so, did the delay deprive the district court of any arguable basis for jurisdiction? We answer no to both questions.

## A.

"[A]ny party to [an] arbitration," the Federal Arbitration Act says, "may apply to" confirm an arbitration award "at any time within one year after the award is made." 9 U.S.C. § 9. If a party files an application within that deadline, a "court must grant [] an order" confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." *Id.* The Common Crop Insurance Policy, the policy in effect between the two parties here, requires

"nullification" when a "dispute in any way involves a policy or procedure interpretation" rather than a straightforward application. R.17-1 at § 20(a)(1).

Farmers Mutual complied with this deadline. Eleven months after the arbitrator granted the award, Farmers Mutual applied to have the district court confirm it. By filing its application within one year, Farmers Mutual did all that the statute requires.

The district court's nullification order, and the delay that it caused, did not undo Farmers Mutual's compliance with § 9. True, after the Insurance Corporation weighed in, Farmers Mutual filed a renewed application that came more than a year after the award. But the nullification order allowed the Insurance Corporation to weigh in without having to restart the arbitration process. *See* 9 U.S.C. § 10; *Bachman Sunny Hill Fruit Farms, Inc. v. Producers Agric. Ins. Co.*, 57 F.4th 536, 542 (6th Cir. 2023). The district court, recall, said that it nullified the award "pending a policy interpretation by the [Insurance Corporation]." *Miller*, 366 F. Supp. 3d at 979. We agreed, noting that the district court's "conditional" order pending Insurance Corporation input allowed it to "reserve[e] the ability to affirm the arbitration award after the [Insurance Corporation]" provided an answer. *Miller*, 2021 WL 3044275, at *4, *7. Because Farmers Mutual applied for confirmation within a year and the court did not "vacate[], modif[y], or correct[]" it, Farmers Mutual complied with the deadline. 9 U.S.C. § 9.

Our decision in *Bachman* is not to the contrary. 57 F.4th 536. It dealt with whether "parties can agree to alter" the deadlines of the Federal Arbitration Act. *Id.* at 544. No, we said, when an insured failed to comply with a 3-month deadline to seek vacatur of an arbitration award. *Id.*; 9 U.S.C. § 12. But both Miller and Farmers Mutual agree that § 9's one-year deadline applies. The only question is whether Farmers Mutual complied with that deadline. It did. *Bachman* has nothing to say on that point.

B.

But even if Farmers Mutual had missed the one-year deadline, that would not change things. We doubt that the one-year deadline in 9 U.S.C. § 9 goes to the subject matter jurisdiction of the federal courts; it instead looks like a run-of-the-mine claim-processing rule. *See Espinosa*, 559 U.S. at 271. This Court, to be sure, has avoided staking out a "position on whether the FAA's time limits are jurisdictional." *Bachman*, 57 F.4th at 544 n.3; *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, No. 21-2792, 2023 WL 152475, at *4 n.2 (6th Cir. Jan. 11, 2023), *cert. denied*, 143 S. Ct. 2566 (2023). But the Supreme Court has been on a two-decade mission to make clear "that most time bars are nonjurisdictional" and that the courts ought to "treat a procedural requirement as jurisdictional only if Congress clearly states that it is." *Wilkins v. United States*, 598 U.S. 152, 157–58 (2023) (quotation omitted). It is unlikely that this law clearly creates such a jurisdictional timeline. It says only this: "[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9.

But we need not resolve the point. Either way, this law surely does not create a "glaring" jurisdictional defect, the kind of "rare instance[] of a clear usurpation of power [that] will render a judgment void." *Espinosa*, 559 U.S. at 271 (quotation omitted). The court had an arguable basis for treating § 9 as a non-jurisdictional deadline. *See id.* We thus have no basis for vacating the confirmation of the arbitration award.

To a farmer, we appreciate, "stewardship is hopeless and meaningless unless it involves long-term courage, perseverance, [and] devotion." Wendell Berry, *The Gift of Good Land: Further Essays, Cultural and Agricultural* 275 (1981). We thus cannot fault Mr. Miller for

pursuing this litigation with such perseverance and devotion. But because his legal arguments come up short, we must affirm.